IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>VINCENT GUISE and<br>SHERRY GUISE,<br><br>Debtors | Chapter 13<br><br>Case No. 22-13177 (ELF) |

**OBJECTION OF TRUMARK FINANCIAL CREDIT UNION TO CONFIRMATION OF DEBTORS' CHAPTER 13 PLAN DATED NOVEMBER 29, 2022**

TO: THE HONORABLE ERIC L. FRANK,
UNITED STATES BANKRUPTCY JUDGE

TruMark Financial Credit Union ("TruMark"), by and through its undersigned attorneys, hereby objects to confirmation of the Chapter 13 plan dated November 29, 2022 (the "Plan") proposed by debtors Vincent Guise and Sherry Guise (together, the "Debtors"), and in support thereof represents as follows:

## BACKGROUND

1. On March 15, 2012, TruMark made a loan to the Debtors in the amount of Eighty-Nine Thousand and 00/100 Dollars ($89,000.00) (the "First Loan") pursuant to the terms of that certain Note dated March 15, 2012.

2. As security for the First Loan, the Debtors gave TruMark a Mortgage dated March 15, 2012 secured by that certain real property known as and located at 3301 Guilford Street, Philadelphia, PA 19136 (the "Property").

3. On March 13, 2015, TruMark made a loan to the Debtors in an amount not to exceed Thirty Thousand and 00/100 Dollars ($30,000.00) (the "Second Loan") pursuant to the terms of that certain HomEquity Open-end Credit Plan dated March 13, 2015.

4. As security for the Second Loan, the Debtors gave TruMark a HomEquity Revolving Credit Mortgage dated March 13, 2015 secured by the Property.

5. On November 29, 2022 (the "Petition Date"), the Debtors filed a voluntary petition pursuant to Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code").

6. Also on the Petition Date, the Debtors filed the Plan.

7. As of the Petition Date, TruMark held a claim on account of the First Loan secured by the Property in an amount no less than Thirty-Seven Thousand Nine Hundred Eighty-Seven and 98/100 Dollars ($37,987.98) (the "First Loan Claim"). Included in this First Loan Claim is Eleven Thousand Seven Hundred Forty-Six and 53/100 Dollars ($11,746.53) in pre-petition arrears due and owing to TruMark from the Debtors on account of the First Loan Claim. Proof of this First Loan Claim was filed with this Court on December 22, 2022, which First Loan Claim is incorporated herein by reference as if set forth fully herein.

8. As of the Petition Date, TruMark also held a claim on account of the Second Loan secured by the Property in an amount no less than Thirty-One Thousand Six Hundred Twenty-Seven Thousand and 67/100 Dollars ($31,627.67) (the "Second Loan Claim" and, together with the First Loan Claim, the "Claims"). Included in this Second Loan Claim is Six Thousand Six Hundred Twenty-Two Thousand and 65/100 Dollars ($6,622.65) in pre-petition arrears due and owing to TruMark from the Debtors on account of the Second Loan Claim. Proof of this Second Loan Claim was filed with this Court on December 22, 2022, which Second Loan Claim is incorporated herein by reference as if set forth fully herein.

9. The Plan provides that the Debtors will begin making payments directly to TruMark following the Petition Date. See Plan, § 4(b). The Plan also provides that pre-petition arrears in the amount of Four Thousand Two Hundred Fifty-Seven and 00/100 Dollars ($4,257.00) will be

paid to TruMark through the Plan.  See id.  It is unclear whether those payments are on account of the First Loan Claim or Second Loan Claim.

10. Either way, the Plan does not make adequate provision for the cure of the outstanding pre-petition arrears on account of either of the Claims.  See generally id.

11. For the foregoing reason, TruMark objects to confirmation of the Plan pursuant to Section 1324(a) of the Bankruptcy Code.

## THE RELIEF REQUESTED AND THE REASONS THEREFOR

12. The Bankruptcy Code provides that a Chapter 13 plan shall be confirmed if it "complies with the provisions of this chapter and with the other applicable provisions of this title." 11 U.S.C. § 1325(a)(1).

13. Section 1325 of the Bankruptcy Code also provides that the Court shall confirm a plan if "the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim."  11 U.S.C. § 1325(a)(5)(B)(ii).

14. The Plan provides that pre-petition arrears totaling $4,257.00 will be paid to TruMark through the Plan.  See Plan, § 4(b).  However, the Debtors actually owe TruMark no less than $11,746.53 in pre-petition arrears on account of the First Loan and $6,622.65 in pre-petition arrears on account of the Second Loan.  See Claims.  To the extent the Debtors intend to retain the Property, the Debtors must pay all their pre-petition obligations to TruMark through the Plan as well as continue making post-petition payments to TruMark on account of *both* Loans.

15. Because the Plan does not so provide, and fails to comply with Section 1325(a)(5)(B)(ii) of the Bankruptcy Code, confirmation must be denied.  See 11 U.S.C. § 1325(a)(1).

16. TruMark expressly reserves the right to raise further objections to confirmation of the Plan, whether at the hearing on confirmation of the Plan, or if an amended plan is proposed by the Debtors.

## **CONCLUSION**

17. For the foregoing reasons, confirmation of the Plan should be denied.

WHEREFORE, TruMark Financial Credit Union respectfully requests the entry of an order denying confirmation of the Plan for the foregoing reasons, together with such other and further relief as is just and proper.

Respectfully submitted:

KLEHR | HARRISON | HARVEY|
BRANZBURG LLP

By: */s/Corinne Samler Brennan*
Corinne Samler Brennan, Esquire
1835 Market Street, Suite 1400
Philadelphia, PA 19103
Telephone: (215) 569-3393

*Counsel to TruMark Financial Credit Union*

Dated: December 23, 2022