IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>VINCENT GUISE and<br>SHERRY GUISE,<br><br>Debtors | Chapter 13<br><br>Case No. 22-13177 (PMM)<br><br>Hearing Date: 6/28/2023 at 1:00 p.m.<br>Location: 900 Market Street, Ctrm. 1<br>Philadelphia, PA 19107 |

**MOTION OF TRUMARK FINANCIAL CREDIT UNION
FOR AN ORDER GRANTING RELIEF FROM THE
AUTOMATIC STAY UNDER 11 U.S.C. § 362(d) AND A
WAIVER OF THE FOURTEEN DAY STAY OF SUCH ORDER**

TO: THE HONORABLE PATRICIA M. MAYER,
UNITED STATES BANKRUPTCY JUDGE

The motion of TruMark Financial Credit Union ("TruMark"), by and through its undersigned attorneys, for an order granting relief from the automatic stay pursuant to 11 U.S.C. § 362(d) and Rule 4001(a) of the Federal Rules of Bankruptcy Procedure and a waiver of the fourteen (14) day stay of such an order pursuant to Bankruptcy Rule 4001(a)(3), respectfully represents as follows:

**BACKGROUND**

1. On March 15, 2012, TruMark made a loan to Vincent Guise and Sherry Guise (together, the "Debtors") in the amount of Eighty-Nine Thousand and 00/100 Dollars ($89,000.00) (the "First Loan") pursuant to the terms of that certain Note dated March 15, 2012 (the "First Note").

2. As security for the First Loan, the Debtors gave TruMark a Mortgage dated March 15, 2012 secured by that certain real property known as and located at 3301 Guilford Street, Philadelphia, PA 19136 (the "Property").

3. On March 13, 2015, TruMark made a loan to the Debtors in an amount not to exceed Thirty Thousand and 00/100 Dollars ($30,000.00) (the "Second Loan" and, together with the First Loan, the "Loans") pursuant to the terms of that certain HomEquity Open-end Credit Plan dated March 13, 2015 (the "Second Note" and, together with the First Note, the "Notes").

4. As security for the Second Loan, the Debtors gave TruMark a HomEquity Revolving Credit Mortgage dated March 13, 2015 secured by the Property.

5. On November 29, 2022 (the "Petition Date"), the Debtors filed a voluntary petition pursuant to Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code").

6. As of the Petition Date, TruMark held a claim on account of the First Loan secured by the Property in an amount no less than Thirty-Seven Thousand Nine Hundred Eighty-Seven and 98/100 Dollars ($37,987.98) (the "First Loan Claim"). Included in the First Loan Claim is Eleven Thousand Seven Hundred Forty-Six and 53/100 Dollars ($11,746.53) in pre-petition arrears due and owing to TruMark from the Debtors. Proof of this First Loan Claim was filed with this Court on December 22, 2022, which First Loan Claim is incorporated herein by reference as if set forth fully herein.

7. As of the Petition Date, TruMark also held a claim on account of the Second Loan secured by the Property in an amount no less than Thirty-One Thousand Six Hundred Twenty-Seven Thousand and 67/100 Dollars ($31,627.67) (the "Second Loan Claim" and, together with the First Loan Claim, the "Claims"). Included in the Second Loan Claim is Six Thousand Six Hundred Twenty-Two and 65/100 Dollars ($6,622.65) in pre-petition arrears due and owing to TruMark from the Debtors. Proof of this Second Loan Claim was filed with this Court on December 22, 2022, which Second Loan Claim is incorporated herein by reference as if set forth fully herein.

8. Since the Petition Date, the Debtors have failed to make any payments to TruMark on account of either of the Loans. As of May 23, 2023, the Debtors owed no less than (a) Five Thousand Three Hundred Two and 25/100 Dollars ($5,302.25) in post-petition arrears on account of the First Loan; and (b) One Thousand Four Hundred Twenty-Two and 45/100 Dollars ($1,422.45) in post-petition arrears on account of the Second Loan. The Debtors now also owe attorneys' fees and costs with respect to the filing of this Motion totaling no less than One Thousand Two Hundred Thirty-Eight and 00/100 Dollars ($1,238.00), for a total unpaid post-petition obligation of Seven Thousand Nine Hundred Sixty-Two and 70/100 Dollars ($7,962.70).

9. For the reasons hereinafter set forth, TruMark is entitled to the entry of an order granting TruMark relief from the automatic stay.

## THE RELIEF REQUESTED AND THE REASONS THEREFOR

10. Section 362(d) of the Bankruptcy Code provides that, on request of a party in interest and after notice and a hearing, the Court shall grant relief from the automatic stay of Section 362(a) of the Bankruptcy Code for cause. See 11 U.S.C. § 362(d)(1).

11. While the term "cause" is not explicitly defined, it includes a lack of adequate protection of an interest in property. See id.

12. As noted by the Third Circuit Court of Appeals, the language of Section 362(d) of the Bankruptcy Code is mandatory. See In re Indian Palms Assocs., Ltd., 61 F.3d 197, 208 (3d Cir. 1995).

13. The Debtors are in default of their obligations under the Notes by reason of their failure to make any post-petition payments to TruMark as and when they came due in an amount now totaling no less than Seven Thousand Nine Hundred Sixty-Two and 70/100 Dollars ($7,962.70). Substantial arrears also existed on the Loans prior to the Petition Date in an amount

totaling no less than Eighteen Thousand Three Hundred Sixty-Nine and 18/100 Dollars ($18,369.18).

14. These circumstances constitute cause within the meaning of Section 362(d)(1) of the Bankruptcy Code justifying relief from the automatic stay. See e.g. In re Tainan, 48 B.R. 250, 252 (Bankr. E.D. Pa. 1985) ("A debtor's continued failure to maintain regular payments to a secured creditor is sufficient to entitle a creditor to a modification of the stay").

15. Accordingly, TruMark should be granted relief from the automatic stay.

## CONCLUSION

16. For the foregoing reasons, TruMark respectfully requests that this Court enter an order granting TruMark relief from the automatic stay.

WHEREFORE, TruMark Financial Credit Union respectfully requests the entry of an order granting the relief requested herein, together with such other and further relief as is just and proper.

Respectfully submitted:

KLEHR | HARRISON | HARVEY| BRANZBURG LLP

By: */s/Corinne Samler Brennan*
Corinne Samler Brennan, Esquire
1835 Market Street, Suite 1400
Philadelphia, PA 19103
Telephone: (215) 569-3393

*Counsel to TruMark Financial Credit Union*

Dated: May 24, 2023